Cabuthees, J.,
delivered the opinion of the court.
This action of debt is brought to recover a snm of' money, paid to defendant for a tract of land, in Mississippi, the title to which has failed, and the plaintiff ousted of possession under a sale made by a decree of the vice chancery court of Mississippi, for the consideration due to the original vendors.
The land was sold, and a bond given for title in 1839 by the Mississippi land company to Hudson, which bond was assigned by him tp Howard for the consideration of $7,800, and the possession delivered. In 1840-the bond was assigned to the defendant, and in 1842 by him to the plaintiff for $3,450, who went into possession and held the same until some time between 1849 and 1852, and before the beginning of this suit, when he abandoned the same, or was evicted under the decree of sale aforesaid.
There was a verdict and judgment for defendant, a> new trial refused, and appeal in error.
One of the defendant’s pleas was a former adjudica tion. ' The facts in relation to that ’are, that the plaintiff instituted a suit against the defendant for the same demand before he surrendered the possession or was evicted, and this court decided, as may be seen in the report of the case in 2 Swan, 594, 'that the action, could not be maintained, because the plaintiff still held the possession of the land. He was in under a valid *548 contract, and could not sue as upon a disaffirmance of it for money paid, and still retain a benefit under it, of possession, although the title had failed.
He might have sued upon the contract for damages, but not for the consideration paid, which implies a revision, and this could not exist without a restoration of the property, or a tender or abandonment of it. So the merits of his claim were not determined in that •suit, but only that he was not then in a condition to sue, his right of action did not then exist.
It is only a judgment on the merits of a cause of action that is a bar to a subsequent suit. It is not sufficient that the former suit was between the same parties, and for the same property. Meigs Dig., § 1478. In McKissick vs. McKissick, 6 Humph., 75, it is decided that a second suit may be brought for the same property against the same person after the acquisition of a new title. In Henderson vs. King, 4 Hay, 94, it was held, that a plea of a former motion by a sheriff, to a second motion for non-return of a fi. fu., must aver that the first motion was tried upon its merits. It has also been held, that a suit lost, because brought before the note was due or the right of action accrued, was no bar to a second suit. These cases must govern the one now under consideration. The former suit, then, is no bar to the present, because the plaintiff having sued before his right to do so had accrued, by the surrender or abandonment of the land, his case was not decided upon its merits. In .charging the law differently his .honor the circuit judge was in error.
We think his honor also erred in charging that the *549 plaintiff had lost his right to disaffirm the contract and bring this suit, but was driven to a suit upon the contract for damages, because he did not abandon or rescind in a reasonable time after the discovery of the want of title in the defendant. How could he know but the defendant would perfect his title before the ultimate enforcement of the lien of the original vendors? That doctrine does not apply to a case like this.
It- is also insisted, that it was the duty of the plaintiff to discharge the lien of the Mississippi Land Company, and thus disencumber the title and not that of the .defendant, as by this assignment of the bond the plaintiff took the land with its burthens or incumbrances. This position cannot be maintained. It was á simple sale of an equitable title, and the defendant was bound to make it good. The plaintiff did not contract to assume the debt due to the vendors and procure the legal title. The title 'has failed, because of the default of the defendant in not paying the original consideration, and the land was sold from the plaintiff, not for his own debt, but that of defendant, which ,was a lien upon the property.
The judgment must be reversed and the cause remanded.